UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON J. FORRISTER, JR., | 1: 05-CV -00170 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS |
| v. | [Doc. 8] |
| JEANNE WOODFORD, DIRECTOR, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Respondent moves to dismiss the petition on the ground that it is barred by the statute of limitations, or, alternatively, on the ground that it is a mixed petition containing both exhausted and unexhausted claims.  Petitioner has not opposed or otherwise responded to the motion to dismiss.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may

be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

**PROCEDURAL HISTORY**

On January 24, 2000, Petitioner was convicted, following a jury trial, of seven counts of sex-related crimes.  On February 23, 2000, Petitioner was sentenced to serve a term of imprisonment of nine years, eight months on four of the counts, and an indeterminate sentence of fifteen years to life on three of the counts.

On July 6, 2000, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District ("Court of Appeal").   On April 29, 2002, in an unpublished opinion, the Court of Appeal remanded the matter for resentencing on one count, and in all other respects affirmed the judgment.

On June 10, 2002, Petitioner filed a petition for review with the California Supreme Court, which the court denied on July 31, 2002.

On July 2, 2002, Petitioner filed a petition for writ of mandamus/prohibition with the Court of Appeal.  The Court of Appeal denied the petition on July 3, 2002.

On July 9, 2002, Petitioner filed a petition for writ of mandamus/prohibition/stay with the California Supreme Court.  The court construed this as a second petition for review and denied the petition July 16, 2002.

On July 30, 2002, Petitioner filed a petition for writ of habeas corpus with the Kings County Superior Court.  The court denied the petition August 19, 2002.

On August 23, 2002, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal.  The Court of Appeal denied the petition on September 16, 2002.

On September 19, 2002, Petitioner filed another petition for writ of habeas corpus in Kings

1  County Superior Court. The court denied the petition on January 27, 2003.

2      On October 12, 2002, Petitioner was resentenced.

3      On April 25, 2003, Petitioner filed a petition for writ of habeas corpus with the California
4  Supreme Court. The court denied the petition on February 18, 2004.

5      On February 8, 2006, Petitioner filed the present petition with this court.

6  **LEGAL STANDARD**

7      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
8  1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas
9  corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063
10 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586
11 (1997). The instant petition was filed on February 8, 2005, and thus, it is subject to the provisions of
12 the AEDPA.

13     The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
14 petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision
15 (d) reads:

16     (1) A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court. The
17     limitation period shall run from the latest of –

18        (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
19
       (B) the date on which the impediment to filing an application created by
20     State action in violation of the Constitution or laws of the United States is removed, if
    the applicant was prevented from filing by such State action;
21
       (C) the date on which the constitutional right asserted was initially recognized by
22     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or
23
       (D) the date on which the factual predicate of the claim or claims presented
24     could have been discovered through the exercise of due diligence.

25     (2) The time during which a properly filed application for State post-conviction or
    other collateral review with respect to the pertinent judgment or claim is pending
26     shall not be counted toward any period of limitation under this subsection.

27
    In most cases, the limitation period begins running on the date that the petitioner's direct
28

review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998). In such circumstances, the limitations period would begin to run on April 25, 1996. See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S.

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

**DISCUSSION**

Respondent first moves to dismiss this petition on the ground that it is barred by the statute of limitations. As stated above, Petitioner has not responded to the motion.

Petitioner's direct review process became final on October 29, 2002, following the expiration of the ninety-day time period in which he would have had to file his petition for writ of certiorari with the United States Supreme Court, following the denial of his petition for review in the California Supreme Court on July 31, 2002. Therefore, pursuant to the one-year statute of limitations set out in 28 U.S.C. Section 2244(d)(1), the statute of limitations was set to expire on October 29, 2003. Petitioner did not file the present petition until February 8, 2006. Thus, absent tolling of the statute of limitations, this petition is untimely.

Statutory Tolling

Petitioner's petitions for writ of habeas corpus filed with the Superior Court on July 30, 2002 and with the Court of Appeal on August 28, 2002, have no tolling effect because they were filed and decided before the judgment became final on October 29, 2002. See 28 U.S.C. Section 2244(d)(1).

Petitioner next filed a petition for writ of habeas corpus with the Superior Court of September 19, 2002. Because this petition was pending when the statute of limitations period began running on October 29, 2002, Petitioner is entitled to statutory tolling for the time period beginning October 29, 2002, through the Superior Court's denial of his petition on January 27, 2003. Thus,

when the superior court denied the petition on January 27, 2003, Petitioner had a full 365 days remaining on the statutory clock.  Thus, the statute was to expire on January 27, 2004.

On April 25, 2003, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, eighty-eight days after the Superior Court's denial of his petition on January 27, 2003.  The California Supreme Court denied the petition on February 18, 2004.

Respondent concedes that Petitioner is entitled to statutory tolling for the period from April 25, 2003, to February 18, 2004, while the petition was pending before the California Supreme Court.  Respondent argues, however, that Evens v. Chavis, 126 S.Ct. 846, 852 (2006), Petitioner is not entitled to tolling for the period between January 27, 2003, and April 25, 2003, because he delayed filing his petition in the California Supreme Court for eighty-eight days after the Superior Court issued its decision. The court finds it unnecessary to decide this issue.

With the California Supreme Court's denial of February 18, 2004, the statute of limitations began running.   Petitioner filed the present petition with this court on February 8, 2006.  Thus, even if the eighty-eight days between the denial of Petitioner's petition by the Superior Court on January 27, 2003 and the filing of his petition with the California Supreme Court on April 27, 2003, are tolled, Petitioner filed the present petition almost one year _after_ the statute of limitations period expired.  Accordingly, absent equitable tolling, Petitioner's petition for writ of habeas corpus is untimely and must be dismissed.

Equitable Tolling

Respondent does not address equitable tolling in her motion, and Petitioner has not responded to the motion.   The court has reviewed the petition filed in this case, and can find nothing in the petition establishing a basis for equitable tolling.  That is, nothing in the petition explains why it was impossible for Petitioner to file this petition on time.  If extraordinary circumstances beyond Petitioner's control have made it impossible for the petition to be filed on time, Petitioner should inform the court of those circumstances in his objections to these findings and recommendations. See Kelly, 163 F.3d at 541.

In light of the above, the court finds that the present petition for writ of habeas corpus is barred by the statute of limitations and must be dismissed.  It is therefore unnecessary to address

Respondent's second contention that this petition must be dismissed as a mixed petition containing both exhausted and unexhausted claims.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED and that this petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 9, 2007**            /s/  **William M. Wunderlich**
mmkd34                                     UNITED STATES MAGISTRATE JUDGE