UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON J. FORRISTER, JR., | 1: 05-CV-00170 LJO  WMW HC |
| Petitioner, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS AND DISMISSING CASE |
| v. | [Doc. 8, 13, 15, 17] |
| JEANNE WOODFORD, DIRECTOR, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 9, 2007, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on March 6, 2007, and Respondent filed a reply on March 9, 2007.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Respondent moves to dismiss the petition on the ground that it is barred by the statute of

limitations, or, alternatively, on the ground that it is a mixed petition containing both exhausted and unexhausted claims. The procedural history of the case is set forth at length in the findings and recommendations of the Magistrate Judge. While the rest of this history is accurate, the court finds that the Magistrate Judge erred in stating that the present petition was filed on February 8, 2006. The petition was actually filed one year earlier on February 8, 2005.

In his reply to Petitioner's objections, Respondent acknowledges having based his prior argument in support of his motion to dismiss on the wrong date for the filing of the present petition. Respondent argues, however, that the petition remains untimely and is a mixed petition subject to dismissal.

In the findings and recommendations, the Magistrate Judge discussed statutory tolling of the statute of limitations as follows:

> Petitioner's petitions for writ of habeas corpus filed with the Superior Court on July 30, 2002 and with the Court of Appeal on August 28, 2002, have no tolling effect because they were filed and decided before the judgment became final on October 29, 2002. See 28 U.S.C. Section 2244(d)(1).
> Petitioner next filed a petition for writ of habeas corpus with the Superior Court of September 19, 2002. Because this petition was pending when the statute of limitations period began running on October 29, 2002, Petitioner is entitled to statutory tolling for the time period beginning October 29, 2002, through the Superior Court's denial of his petition on January 27, 2003.  Thus, when the superior court denied the petition on January 27, 2003, Petitioner had a full 365 days remaining on the statutory clock. Thus, the statute was to expire on January 27, 2004.
> On April 25, 2003, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, eighty-eight days after the Superior Court's denial of his petition on January 27, 2003. The California Supreme Court denied the petition on February 18, 2004.
> Respondent concedes that Petitioner is entitled to statutory tolling for the period from April 25, 2003, to February 18, 2004, while the petition was pending before the California Supreme Court. Respondent argues, however, that Evans v. Chavis, 126 S.Ct. 846, 852 (2006), Petitioner is not entitled to tolling for the period between January 27, 2003, and April 25, 2003, because he delayed filing his petition in the California Supreme Court for eighty-eight days after the Superior Court issued its decision. The court finds it unnecessary to decide this issue.

In light of the correction of the date of filing of the present petition, the court now finds it necessary to decide the issue of whether Petitioner is entitled to tolling for the period of January 27, 2003, when the Superior Court denied his petition, and April 25, 2003, when he filed his petition with the California Supreme Court.

In Carey v. Saffold, 536 U.S. 2134 (2002), the Court determined that under California's

collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending" under § 2254(d)(2). Id. at 2140.  Thus, as in Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000), tolling occurs during the intervals between petitions in the state courts.  The Supreme Court examined this principle in light of California's unique original writ system where the timeliness of a petition is determined according to a "reasonableness" standard. Carey v. Saffold, 122 S.Ct. at 2139.  Thus, the California Supreme Court's denial of the petition "on the merits and for lack of diligence" cannot, by itself, indicate that a petition is timely under California's reasonableness standard. Id. at 2141 (explaining that there are a variety of reasons why the California Supreme Court may have included the words "on the merits," and therefore those words cannot by themselves indicate that the petition was timely).  The Court further explained that had the California Supreme Court "clearly ruled that Saffold's 4 ½ – month delay was 'unreasonable,' that would be the end of the matter" and the petition would not be pending for purposes of tolling. Id. at 2141.  In other words, where a California prisoner delayed "unreasonably" in seeking further review of his petition, he is not entitled to tolling under § 2244(d)(2).

In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846,854 (2006), the Supreme Court found that there was "a totally unexplained, hence unjustified, delay of at least six months" from the time that the Court of Appeal denied the relief until the petitioner filed a habeas petition in the California Supreme Court.  The Court held:

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Saffold, supra, at 219, 122 S.Ct. 2134. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal.App.Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold. See 536 U.S., at 222-223, 122 S.Ct. 2134.

Id.  This court finds that the 88 day delay between the Superior Court's denial of Petitioner's habeas corpus petition and the filing of his habeas corpus petition in the California Supreme Court far exceeded the 30 to 60 day period the Supreme Court used as a bench mark in Evans. The court concludes, therefore, that Petitioner is not entitled to statutory tolling during that time period  The

court agrees with the Magistrate Judge that no indication of a basis for equitable tolling is presented in this case. Therefore, the statute of limitations expired on November 22, 2004, 277 days from February 19, 2004. The present action was not filed until February 8, 2005, and is therefore barred by the statute of limitations set forth in § 2254(d).

       Accordingly, IT IS HEREBY ORDERED as follows:

1) The findings and recommendations of the Magistrate Judge entered February 9, 2007, are adopted to the extent they are consistent with this order;

2) Respondent's motion to dismiss is GRANTED;

3) This petition for writ of habeas corpus is DISMISSED with prejudice as being barred by the statute of limitations;

4) The Clerk of the Court is directed to close this case and to enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:   March 14, 2007**          **/s/ Lawrence J. O'Neill**
b9ed48                               UNITED STATES DISTRICT JUDGE