# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON J. FORRISTER, JR., | 1: 05-CV -00170 LJO WMW HC |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION AND PRAYER FOR RELIEF |
| v. | [Doc. 21, 24] |
| JEANNE WOODFORD, DIRECTOR, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

The court entered judgment for Respondent in this case on March 15, 2007. Petitioner filed a motion for reconsideration on May 30, 2007. Respondent filed an opposition to the motion on June 19, 2007, and Petitioner filed a reply on August 13, 2007.

The present petition was filed on February 8, 2005. In the order resolving this case, the District Judge found that the statute of limitations expired on November 22, 2004, and that the present petition was therefore untimely and barred by the statute. The district judge expressly found that there was no indication of a basis for equitable tolling presented in the case.

In asking for reconsideration and rehearing on this case, Petitioner presents arguments which appear to be an attempt to support a claim of equitable tolling.  First, Petitioner claims that in April of 2007, his attorney suddenly demanded an additional payment of $28,000.00 to "move this matter into the federal court(s)."  Assuming that Petitioner's attorney made such a demand, the court finds that it is irrelevant to the issue of equitable tolling.  As stated above, the statute of limitations ran on November 22, 2004.  By April of 2007, the statute of limitations had been expired for some two and one half years.  Any action or lack thereof by Petitioner's counsel after the running of the statute is irrelevant for purposes of equitable tolling.

Second, Petitioner also claims that his counsel's actions deprived him of his right to counsel on appeal.  Petitioner asserts that he was forced to rely on jailhouse lawyers to pursue this case.  Petitioner is informed that the present action is not an appeal, but rather is a petition for writ of habeas corpus.   There is no constitutional right to counsel in federal habeas corpus proceedings.  See, Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir.1993).

In his separately filed prayer for relief,  Petitioner states that he relied on his counsel's advice as to the final filing date for the present petition.  Again, this assertion provides no basis for habeas corpus relief.  An attorney's miscalculation of the limitations period, and general negligence in failing to timely file a petition, do not constitute extraordinary circumstances so as to warrant equitable tolling.  See Miranda v. Castro,  292 F.3d 1063, 1067 (9th Cir. 2002); see also Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration and prayer for relief are DENIED.

IT IS SO ORDERED.

**Dated:   January 2, 2008**              /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE