# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON J. FORRISTER, | 1:05-cv-00170 LJO YNP [DLB] (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RULE 60(b)(6) HEARING |
| v. | [Doc. #26] |
| JEANNE WOODFORD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a habeas corpus petition pursuant to 28 U.S.C. § 2254.

On March 15, 2007, this Court dismissed Petitioner's petition for writ of habeas corpus as untimely. (Doc. #19.) In that dismissal, the District Judge explicitly found that the case presented no indication of a basis for equitable tolling. (Id. at 4.) On May 30, 2007, Petitioner filed a motion for reconsideration arguing his circumstances were extraordinary thus he should be granted equitable tolling. (Doc. #21.) Petitioner claimed that his attorney had abandoned him before filing a petition in the federal court; therefore, the petition should be subject to equitable tolling. (Id.) On January 3, 2008, this Court denied the motion finding that Petitioner's circumstances were not so extraordinary as to rise to the level required to receive equitable tolling. (Doc. #25.)

On July 14, 2009, Petitioner filed a second motion for reconsideration claiming (1) that he should receive equitable tolling because his attorney abandoned him before his Federal petition was filed and (2) that the motion was timely under Federal Rule of Civil Procedure 60(b)(6). Respondent opposed the motion arguing that Petitioner did not file the motion in a timely manner and that this Court had already ruled that actions of Petitioner's attorney did not present extraordinary circumstances. (Doc. #27.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on

the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c)(1). "Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for 'any other reason justifying relief from the operation of the judgment.'" Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc)*. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

This Court has ruled on two separate occasions that Petitioner is not subject to equitable tolling. The instant motion makes the exact same argument raised in Petitioner's first motion for reconsideration, which this Court already denied.. The Court finds that Petitioner's claim that his attorney abandoned him before filing a federal petition does not meet the very high standard required by Rule 60(b)(6) nor does it constitute an extraordinary circumstance warranting equitable tolling.

Petitioner's arguments do not rise to the level of any of reasons set forth Rule 60(b) to grant relief from a judgment, accordingly, Petitioner's motion is hereby DENIED. IT IS SO ORDERED.

**Dated:  February 2, 2010**               /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE