# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLINTON J. FORRISTER, | ) | 1:05-cv-00170-LJO WMW HC |
| Petitioner, | ) | |
| v. | ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| JEANNE WOODFORD, | ) | [Doc. 30] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 15, 2010, Petitioner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. A certificate of appealability must issue for the matter to be properly heard on appeal, and the Court shall review the matter for that limited purpose.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition; an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

///

///

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

On March 15, 2007, this Court adopted the finding and recommendations of the magistrate judge, and dismissed the petition with prejudice. (Court Doc. 19.) The Court based its dismissal on the expiration of the one year statute of limitations under 28 U.S.C. § 2254(d). (Id. at 3-4.) According to the calculations of the Court, the statute of limitations expired on February 19, 2004 and the petition was filed nearly a year later on February 8, 2005. (Id.) Petitioner filed a motion for reconsideration, claiming the delay in filing was based on his attorney's demand for additional payment for continued representation and the fact he had to rely on assistance from jailhouse lawyers. (Court Doc. 22.) This Court found such claims unpersuasive as to account for his delay in filing after the expiration of the statute of limitations and denied the motion for reconsideration on

January 3, 2008. (Court Doc. 25.)

    In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES issuance of a certificate of appealability.

    IT IS SO ORDERED.

**Dated:   May 25, 2010**              **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE